IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER C. NIGHTENGALE, | ) |
| Plaintiff, | ) Case No.: 23-cv-1017 |
| v. | ) Amended Complaint for Violation of Civil Rights and Supplemental State Law |
| THE CITY OF CHICAGO, CHICAGO POLICE OFFICERS KENNETH A. SUNDE, BADGE NO. 18633, ERICK P. SENG, BADGE NO. 2677, and PANOS G. THEODORIDES, BADGE NO. 5383, | ) **JURY DEMANDED** |
| Defendants. | ) |

**AMENDED COMPLAINT**

Plaintiff Christopher C. Nightengale ("Plaintiff"), by and through his attorneys, Ed Fox & Associates, Ltd., files the following Amended Complaint:

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1331, 1343, and 1367.

2. The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times mentioned herein, Plaintiff was and is a citizen of the United States and was within the jurisdiction of this Court.

4. At all times mentioned herein, Defendant Officers Kenneth A. Sunde, Badge No. 2677, Erick P. Seng, Badge No. 2677, and Panos G. Theodorides, Badge No. 5383 (collectively

"Defendant Officers") were employed by the City of Chicago Police Department and acted under the color of state law and as the employees, agents, or representatives of the City of Chicago Police Department. Plaintiff is suing each Defendant Officer in their individual capacities.

5. At all times mentioned herein, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times material, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

6. On or about November 11, 2022, at all times material, Plaintiff was lawfully walking at or near the intersection of State Street and Hubbard Street in the River North neighborhood of Chicago, Illinois.

7. Defendant Officers stopped their unmarked police vehicle near Plaintiff.

8. Upon exiting the police vehicle, Defendant Officers yelled to stop.

9. As soon as Plaintiff realized Defendant Officers were yelling at him to stop, he immediately complied with their command.

10. Defendant Officers surrounded Plaintiff.

11. There was no legal cause to stop and detain Plaintiff.

12. Defendant Officers asked Plaintiff whether he had any guns or drugs on his person.

13. Plaintiff responded that he did not.

14. Defendant Officers searched Plaintiff and his belongings but failed to find any contraband.

15. Defendant Officers did not have legal cause to search Plaintiff and/or his belongings.

16. Defendant Officers did not charge Plaintiff with violating any laws, indicative of his innocence.

17. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

18. The actions and/or omissions mentioned above by Defendant Officers were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

19. Because of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to him in the within action so that they might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendant Officers of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. Section 1988 or any other provision set by law.

## COUNT I
## PLAINTIFF AGAINST DEFENDANT OFFICERS FOR WRONGFUL DETENTION IN VIOLATION OF THE FOURTH AMENDMENT

20. Plaintiff hereby incorporates and realleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

21. Defendant Officers deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

22. The arbitrary detention of Plaintiff violated his Constitutional Rights and was not authorized by law. Defendant Officers violated Plaintiff's rights by commanding Plaintiff to stop, to which he complied, surrounding him, and detaining him without legal cause. The foregoing was unnecessary, unreasonable, excessive, and violated Plaintiff's rights. Accordingly, Defendant Officers are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**PLAINTIFF AGAINST DEFENDANT OFFICERS FOR UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH AMENDMENT**

23. Plaintiff hereby incorporates and realleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

24. Defendant Officers deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

25. The arbitrary intrusion by Defendant Officers into the security and privacy of Plaintiff and his belongings violated his Constitutional Rights and was not authorized by law. Defendant Officers violated Plaintiff's rights by searching him and his belongings without legal cause. The foregoing was unnecessary, unreasonable, excessive, and violated Plaintiff's rights. Accordingly, Defendant Officers are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**
**PLAINTIFF AGAINST DEFENDANT OFFICERS AND THE CITY OF CHICAGO PURSUANT TO *RESPONDEAT SUPERIOR* IN VIOLATION OF THE STATE LAW CLAIMS OF FALSE ARREST/IMPRISONMENT**

26. Plaintiff hereby incorporates and realleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

27. Defendant Officers intended to and did confine Plaintiff within fixed boundaries.

28. Plaintiff was conscious of the confinement and/or harmed by it.

4

29. Defendant Officers violated the law by falsely imprisoning/arresting Plaintiff.

30. Plaintiff was damaged emotionally and otherwise by the unlawful acts of Defendant Officers.

31. The City of Chicago is liable pursuant to *respondeat superior*.

32. Plaintiff's imprisonment/arrest was unnecessary and unreasonable. Therefore, the City of Chicago is liable for the supplemental state law claim of false imprisonment/arrest.

**WHEREFORE**, Plaintiff, Christopher C. Nightengale, by and through his attorneys, Ed Fox & Associates, Ltd., request judgment as follows:

1. Defendants pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. Defendants pay Plaintiff's special damages;

3. Defendants pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, or any other applicable provision;

4. Defendants Officers pay punitive and exemplary damages in a sum to be ascertained;

5. Defendants pay Plaintiff's costs of the suit herein incurred; and

6. Plaintiff have such other and further relief as this Court may deem just and proper.

BY: */s/Peter T. Sadelski*
Peter T. Sadelski
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
*Attorneys for Plaintiffs*
118 N. Clinton St., Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY:    <u>*/s/Peter T. Sadelski*</u>
         Peter T. Sadelski
         Edward M. Fox
         ED FOX & ASSOCIATES, LTD.
         *Attorneys for Plaintiffs*
         118 N. Clinton St., Suite 425
         Chicago, Illinois 60661
         (312) 345-8877
         psadelski@efoxlaw.com